**PEOPLE ex rel. GARDNER v. McADOO, Police Com'r.**

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

MUNICIPAL CORPORATIONS—POLICE—DISMISSAL—MISCONDUCT—EVIDENCE.

    Evidence *held* sufficient to sustain the determination of the commissioner dismissing a policeman for visiting a disorderly house.

Certiorari on the relation of Delmar S. Gardner to review the determination of William McAdoo as police commissioner of the city of New York, dismissing relator, a patrolman, from the police force. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Jacob Rouss (Louis J. Grant, on the brief), for relator.

Edward H. Wilson (James D. Bell, on the brief), for respondent.

GAYNOR, J. The relator was found in a house of fornication by two police officers who went there to try to get evidence against the keeper. He was off duty at the time. He claims that he went there in search of a woman who had forfeited her bail. He produced testimony which made that out, if true, but it was not believed by the deputy commissioner before whom the evidence was taken. The relator claimed that a lawyer who was attempting to capture the woman had some time before informed him of the case and requested him to search for her. But the relator never reported the case at the station house. It may be that the deputy commissioner was unconsciously influenced against the relator's defense by the hectoring, dilatory, captious, repetitious and vexatious way in which it was conducted by his counsel, especially in the cross-examination of witnesses, and the many useless objections and exceptions interposed. If the relator had an honest defense, the deputy commissioner might well have expected to have it

presented in a simple and straightforward manner. The deputy commissioner tried the case with infinite patience considering the way it was conducted for the relator. The common-law rules of evidence do not apply in their strictness to police trials, and yet objections and exceptions were taken throughout this trial as though they do.

The relator was also properly found guilty of calling the captain a liar when the latter publicly spoke of his conduct to the platoon.

The conviction should be affirmed.

Determination confirmed, with costs. All concur; WOODWARD, HOOKER, and RICH, JJ., in result.